UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEEBE ROH, Mother of MARCUS ROH,

    Plaintiff,

        v.

STARBUCKS CORPORATION,
CATHERINE MARSHALL, and JUDD
LUCKEY,

    Defendants.

No. 13 C 8865
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Beebe Roh ("Plaintiff") filed this suit on November 8, 2013, against Starbucks Corporation in the Circuit Court of Cook County alleging negligence when her minor son Marcus Roh was injured by a stanchion. After Starbucks removed the matter to the Northern District of Illinois, Plaintiff sought leave to amend its complaint by adding additional parties on August 26, 2014. Defendants did not object at this time because Plaintiff did not identify who she intended to add. After I granted leave on August 28, 2014, Plaintiff subsequently filed an amended complaint naming Catherine Marshall, an assistant manager at Starbucks, and Judd Luckey, a Starbucks employee, as individual defendants. Defendants now request reconsideration of my order granting leave to join additional defendants or dismissal of the counts aimed at the additional defendants (Counts II and III).

A plaintiff may not join a non-diverse defendant simply to destroy diversity jurisdiction if she has no legitimate claims against that defendant. *Schur v. L.A. Weight Loss Ctrs. Inc.*, 577 F.3d 752, 763 (7th Cir. 2009); *Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). Under the fraudulent joinder doctrine, a district court may determine whether a

1

defendant has been fraudulently joined and dismiss him if he is so joined to retain jurisdiction. *Id.* To establish fraudulent joinder, a defendant must demonstrate that there is no reasonable possibility that the plaintiff could prevail against the non-diverse defendant. *Id.* at 764. Thus, the court must look to state law to determine whether Plaintiff could prevail on her negligence claims against Marshall and Luckey.

The law of agency does not impute a duty that the principal owes to a third party onto an agent. *Hoidas v. Wal-Mart Stores, Inc.*, No. 09 C 7409, 2010 WL 1790864, at *2 (N.D. Ill. Apr. 30, 2010) (citing *Bovan v. Am. Family Life Ins. Co.*, 897 N.E.2d 288, 295 (Ill.App.ct.2008)). Similarly, an agent who breaches a duty owed solely to her principal is not independently liable to an injured party. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 765 (7th Cir. 2009) (citing *Bovan*, 897 N.E.2d at 295). Instead, the duty of care flows from the relationship between the parties. *Hoidas*, 2010 WL 1790864, at *2. Thus, a claim with a reasonable possibility of success must at least suggest an independent duty that the defendant owes to the plaintiff. *Id.*

We will first consider Plaintiff's claim against Marshall. Plaintiff alleges that Marshall was responsible for overseeing the safety, maintenance, and operations of the area where her son's accident occurred. This claim is nearly identical to the disputed claim in *Hoidas*, where a customer who fell in the parking lot of a Walmart was prohibited from joining the store's manager as an additional defendant on the basis that the manager owed him a duty "to exercise a reasonable degree of care in caution in the inspection of their premises." 2010 WL 1790864, at *2. Similar to the court's decision in *Hoidas*, Marshall cannot be joined as a defendant here because Plaintiff's theory of negligence against Marshall is not sufficient to meet the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

We will next consider Plaintiff's claim against Luckey, a Starbucks employee who was working the day Plaintiff's son was injured. Plaintiff alleges that Luckey actively participated in the tort by observing Plaintiff's son touching the ropes connected to an allegedly insecure stanchion and then failing to take any action to prevent the foreseeable injury. This observation on its own, however, does not make Luckey an active tortfeasor. Luckey did not commit the act which caused the incident or actively contribute to the act which caused the incident. Because Plaintiff likewise failed to allege that Luckey owed Plaintiff a duty that was independent of the duties Luckey owed to Starbucks, Luckey may not be joined as a defendant.

## CONCLUSION

For the aforementioned reasons, I grant Defendant's motion requesting reconsideration of my order granting leave to join additional defendants. Because Marshall and Luckey may not be joined as Defendants, Plaintiff's Amended Complaint is stricken.

ENTER:

James B. Zagel
United States District Judge

DATE: January 14, 2015